IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT TWYMAN, JR.,      ) | |
| ) | |
|    Plaintiff,           ) | |
| ) | |
| v.                              ) | CASE NO. 2:18-cv-408-MHT-GMB |
| ) | [WO] |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*,   ) | |
| ) | |
|    Defendants.        ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 4.  After a careful review of the amended complaint (Doc. 6) and the relevant law, and giving due consideration to Plaintiff Robert Twyman, Jr.'s *pro se* status, the undersigned recommends that Twyman's amended complaint be DISMISSED prior to service of process for failure to comply with the Federal Rules of Civil Procedure and this court's prior order.

**I. BACKGROUND**

On April 4, 2018, Robert Twyman, Jr., proceeding *pro se,* filed a complaint and a motion to proceed *in forma pauperis* in the United States District Court for the Southern District of Ohio. Docs. 1 & 1-2.  That court transferred the case to this district on April 10. Doc. 2.  On June 5, 2018, concluding that Twyman's complaint was a "hodgepodge of potential claims relating to state-court criminal proceedings in Alabama and Georgia," the

court directed Twyman to file an amended complaint. Doc. 5. Specifically, the court identified the ways in which Twyman's complaint violated the Federal Rules of Civil Procedure. Doc. 5 at 1–4. The court also noted "a number of potentially fatal legal flaws" in the complaint, drawing attention to these shortcomings so that Twyman could address them in his amended complaint. Twyman timely filed an amended complaint on June 26, 2018. Doc. 6. However, the amended complaint contains the same pleading deficiencies and legal flaws that plagued Tywman's original complaint.

In essence, Twyman alleges that he was wrongfully incarcerated in a series of Alabama jails after the scheduled expiration of his 1989 sentence for attempted first-degree assault in the Circuit Court of Talladega County, Alabama. Doc. 1 at 2. Twyman first was convicted in that court and sentenced to two concurrent five-year sentences for two counts of the possession of a controlled substance. Doc. 1 at 2. He began serving his prison sentence on August 28, 1987. Doc. 1 at 2. On May 18, 1989, Twyman was convicted of attempted first-degree assault and sentenced to a prison term of 20 years and one day. Doc. 1 at 2. Seven years later, on May 27, 1996, Twyman was released on parole. Doc. 1 at 2. Twyman requested that his parole supervision be transferred to Cobb County, Georgia, and this request was granted by the Alabama Board of Pardons and Paroles ("ABPP"). Doc. 1 at 2. After moving to Georgia, Twyman was arrested in 1997 and 1998. Doc. 1 at 2. On February 13, 2004, while visiting Alabama, Twyman was arrested on a fugitive warrant and transported to the Talladega County Jail for violating the terms of his parole by virtue of the 1997 and 1998 Georgia arrests. Doc. 1 at 2–3. The next month, Twyman was transferred to Kilby Correctional Facility in Montgomery, Alabama. Doc. 1 at 3. The

Alabama Department of Corrections ("ADOC") added five years, eight months, and five days of "dead time" to Twyman's sentence for the time period between the second arrest in Georgia and his arrest in Alabama. Doc. 1 at 3. Twyman's parole was revoked after a hearing on April 14, 2004. Doc. 1 at 3.

On March 14, 2011, Twyman was released on parole for a second time. Doc. 1 at 3. On October 15, 2013, while at an Alabama Department of Motor Vehicles office, Twyman was arrested by an Alabama state trooper and transported to the Jefferson County Jail. Doc. 1 at 3. According to Twyman, corrections officers at the Jefferson County Jail and Kilby Correctional Facility, where he was transferred on October 31, 2013, stated that he did "not have a case." Doc. 1 at 3. He then was prevented from introducing evidence at his parole hearing and his parole was revoked again on February 25, 2014. Doc. 1 at 3. He was released on July 1, 2016. Doc. 1 at 3.

Twyman alleges that "[e]ach defendant acted knowingly and willingly, with the intent of depriving [him] of liberty, property and equal protection of the law." Doc. 1 at 3. He challenges ADOC's authority to incarcerate him based on the concept of "dead time." Doc. 1 at 3.

## II. DISCUSSION

In its prior order, the court informed Twyman that his complaint constituted a "shotgun complaint" in violation of Federal Rules of Civil Procedure 8 and 10 based on its "vague, meandering factual allegations and legal conclusions" and "an overall lack of clarity," which prevented both the defendants and the court from deciphering the nature of Twyman's claims, which facts support which claims, and which claims are asserted against

3

each defendant. Doc. 5 at 1–2. These deficiencies made it "virtually impossible for the court to determine whether Twyman has any viable federal claims." Doc. 5 at 2. The court provided specific instructions to Twyman regarding how he could cure these deficiencies and specifically warned him that his failure to comply with the instructions could result in a recommendation that his case be dismissed. Doc. 5 at 5–6.

Twyman's amended complaint is, once again, an indecipherable maze of factual allegations and legal conclusions beginning with his 1987 conviction. Twyman largely restates the allegations of his original complaint, elaborating on certain occurrences by providing additional details he did not provide in the initial complaint. However, Twyman did not provide facts that are simple, concise, sufficiently detailed, and material to each of his claims, and he made no attempt to set forth causes of action in separate counts. Thus, by default, any claims Twyman may have asserted improperly incorporate by reference all of his extensive factual allegations. Twyman also failed to clarify the nature of each defendant's involvement in each claim and did not provide any specific information on how each defendant violated his constitutional rights. Accordingly, Twyman's amended complaint remains a "personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims." *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009).

Courts sitting within the Eleventh Circuit regularly instruct *pro se* litigants to correct their shotgun pleadings by filing amended complaints that comply with the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Georgia*, 2016 WL 4709078 (11th Cir. Sept. 9, 2016); *Giles*, 359 F. App'x at 92–93; *Maglutas v. Samples*, 256 F.3d 1282, 1284 n.3 (11th

4

Cir. 2001) ("We have held that district courts confronted by [shotgun] complaints have the inherent authority to demand repleader *sua sponte*."). Where, "despite guidance from the district court on how to cure the deficiencies in [the] complaint and a clear warning that noncompliance would be cause for dismissal," the plaintiff's amended complaint still does not comply with the court's order and the Federal Rules of Civil Procedure, the court may order dismissal. *Id.*; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Even if Twyman had complied with federal pleadings requirements and the court's previous order, his amended complaint would not state a viable federal cause of action. Reading between the lines, the allegations of the amended complaint might be read as an attempt to state a claim for over-detention under the Fourteenth Amendment's Due Process Clause, which "guarantees to individuals the right to be free from continued detention after a jail or prison ceases to have a legal right to detain the individual." *Powell v. Sheriff, Fulton Cnty., Ga.*, 511 F. App'x 957, 960 (11th Cir. 2013). To state a viable over-detention claim under § 1983, a plaintiff must assert a "§ 1983 false imprisonment claim [that] meet[s] the elements of common law false imprisonment and establish that the imprisonment worked a violation of fourteenth amendment due process rights." *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1562–63 (11th Cir. 1993). However, "negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property." *Id.* at 1563. Thus, a plaintiff must allege that one or more defendants acted with deliberate indifference, which occurs when a government official "(1) had subjective

5

knowledge of risk of serious harm; and (2) disregarded that risk; (3) by conduct that is more than mere negligence." *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (internal quotation marks and alterations omitted).  At best, Twyman has pleaded facts from which the court conceivably might infer negligence by claiming that his jailers did not properly investigate his claim that he has no undischarged time remaining on his sentence, *see, e.g.*, Doc. 6 at 3, but he has not identified any government official who had subjective knowledge that he was incarcerated illegally and consciously ignored this fact. Of course, where factual allegations "do not permit the court to infer more than the mere possibility of misconduct," a plaintiff has not stated a viable claim. *Ashcroft v. Iqbal*, 56 U.S. 662, 679 (2009).  Thus, the court concludes that even if Twyman's amended complaint had complied with its order and the federal rules, it would not state a plausible § 1983 claim.  Accordingly, the court recommends that Twyman's amended complaint be DISMISSED prior to service of process for failure to comply with the Federal Rules of Civil Procedure and the court's prior order.

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice for lack of subject matter jurisdiction.  It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **October 14, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a

final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 28th day of September, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE